36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jimmie L. MILLER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3441.
 United States Court of Appeals, Federal Circuit.
 Sept. 19, 1994.
 
 Before ARCHER, Chief Judge, NEWMAN and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 The petitioner, Jimmie L. Miller, seeks review of a decision of the Merit Systems Protection Board (Board), Docket No. SL0752900236-I-1, dismissing his petition for review for untimely filing. We affirm.
 
 
 2
 * On March 13, 1990, Mr. Miller was removed from his position as a Mail Handler with the United States Postal Service (USPS). After initiating an appeal of this removal before the Board, Mr. Miller voluntarily requested a withdrawal of the appeal without providing a reason for the request. In an initial decision dated August 3, 1990, the administrative judge dismissed the appeal on that basis. The initial decision advised Mr. Miller that it would become a final decision of the Board on September 7, 1990, unless a petition for review was filed by that date or the Board reopened the case on it own motion.
 
 
 3
 On March 18, 1994, three-and-one-half years after the initial decision, Mr. Miller requested the Board to review the initial decision. The Board advised Mr. Miller that his petition for review was untimely and that, under 5 C.F.R. Sec. 1201.114(f) (1994), if he wanted the Board to consider his petition, he would have to submit a motion for waiver of the time limit and an affidavit showing good cause for the untimely filing. In his timely response, Mr. Miller contended that neither the USPS nor his union had told him that he had the right to appeal the initial decision to the Board. Mr. Miller also claimed that his union misled him by persuading him to withdraw his initial appeal. Finally, Mr. Miller's statement asserting good cause mentioned that he had been homeless and living in a mission during the three years after his removal.
 
 
 4
 After considering Mr. Miller's response, the Board determined that Mr. Miller had not shown good cause for the untimely filing of his petition for review. The Board dismissed Mr. Miller's petition, thereby maintaining the initial decision as the final decision of the Board with regard to the merits of the appeal.
 
 II
 
 5
 The Board has broad discretion to determine whether the regulatory time period for filing a petition for review should be waived in a particular case, and this court will not substitute its judgment for the Board's in such cases. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986); Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). The Board's decision must be sustained unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c) (1988); Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992). Delay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence, and the burden is on the petitioner to demonstrate such excusable delay. Phillips, 695 F.2d at 1391 (citing Alonzo v. Department of the Air Force, 4 MSPR 180, 184 (1980)).
 
 
 6
 The Board held that Mr. Miller failed to show good cause for the untimely submission of his petition for review. The Board noted that the initial decision explicitly advised Mr. Miller of his right to request Board review of the initial decision and informed him of the deadline for submitting a petition for review. The Board found that Mr. Miller did not act with due diligence or ordinary prudence in pursuing his right of review by the Board.
 
 
 7
 We therefore hold that the Board's decision, dismissing the petition for review as untimely filed, was not arbitrary or capricious, or an abuse of discretion, and was in accordance with the law.